UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

HERBERT FISHER                               CIVIL ACTION NO. 08-cv-1581

VERSUS                                             JUDGE HICKS

REGIONS BANK/AM SOUTH               MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

Herbert Fisher filed suit in state court against Regions Bank, successor by merger to AmSouth Bank. Plaintiff alleged that the bank breached contractual and fiduciary duties in connection with the construction of a home, which resulted in Plaintiff losing property. Regions Bank removed the case based on an assertion of diversity jurisdiction, so the burden is on Regions Bank to state facts that ensure a basis for the exercise of that jurisdiction. The current allegations are inadequate, and Regions Bank is granted until **January 23, 2009** to file an Amended Notice of Removal and address the issues noted herein.

First, the Notice of Removal contains a reference in paragraph one to Walter W. Gerhardt being served in 2004. This appears to be a drafting error, as there is no indication that Gerhardt is a party to this case, which was not filed until 2008.

Second, Regions Bank describes itself as an Alabama banking corporation "which is neither incorporated in the State of Louisiana nor has its principal place of business in the State of Louisiana." A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. §

1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation"). Regions appears to allege that it is incorporated in Alabama, but it has not alleged with specificity the state where it has its principal place of business. It must do so to ensure subject matter jurisdiction.

Third, Regions alleges that Plaintiff "is a resident of the State of Louisiana." It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may have a residence in many states, but he has only one domicile at any time, and it is domicile that determines his citizenship for purposes of diversity jurisdiction.

Accordingly, Regions Bank must allege with specificity the state in which Plaintiff is a domiciliary and citizen.

Finally, the petition does not pray for a specific amount of damages, but it contains references to loan amounts and a price allegedly paid at a tax sale, which suggests that the property allegedly lost (together with other damages sought) may exceed $75,000. It is Regions Bank's burden, however, to present facts to establish that it is more likely than not that the requisite amount is in controversy. Its current Notice of Removal has no information about the amount in controversy, so the amendment should also address this issue.

After Regions Bank has had an opportunity to file its Amended Notice of Removal, the court will review the case to determine whether subject matter jurisdiction exists. If it does exist, a scheduling conference will be set in due course. If it does not exist, the case may be remanded.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 6th day of January, 2009.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE