UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

HERBERT FISHER

versus　　　　　　　　　　　　　　　　　CIVIL ACTION NO. 08-1581
　　　　　　　　　　　　　　　　　　　　JUDGE TOM STAGG
REGIONS BANK/AMSOUTH

## ORDER

Before the court is a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure which was filed by the defendant in this action, Regions Bank ("Regions"). See Record Document 12. In its memorandum in support of the motion to dismiss, Regions asserts that each cause of action asserted by the plaintiff, Herbert Fisher ("Fisher"), is governed by the Louisiana Credit Agreement Statute ("LCAS"), La. R.S. 6:1121, et. seq. See Record Document 12 at 3. Regions argues that under this law Fisher must produce a written credit agreement which expresses consideration and is signed by both parties in order to maintain his present claims. However, Regions contends that Fisher's claims are all based solely on alleged oral promises and that there is "no allegation of the existence of a valid credit agreement." Therefore, in accordance with the LCAS, Regions argues it is entitled to an immediate dismissal of Fisher's claims under Federal Rule of Civil Procedure 12(b)(6). See Record Document 12 at 3.

Even if this court assumes, arguendo, that the LCAS does govern all of Fisher's present claims, Regions' motion to dismiss must be denied. While Regions asserts that all of Fisher's claims are based solely on alleged oral promises, the non-moving party in this proceeding has neither *pleaded* nor *conceded* this fact.[1] See EPCO Carbon Dioxide Prods, Inc. v. JP Morgan Chase Bank, 467 F.3d 466, 470-471 (5th Cir. 2006). Thus, dismissal of this case at this stage of the proceedings is improper. Id. at 469-471. Accordingly,

**IT IS ORDERED** that the defendant's motion to dismiss (Record Document 12) is hereby **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this the 22nd day of October, 2009.

JUDGE TOM STAGG

---

[1] This court has carefully reviewed the petition originally filed by Fisher in state court and the memorandum in opposition to defendant's motion to dismiss. See Record Document 1, Petition and Record Document 19. Fisher does not explicitly admit in either document the absence of a written agreement which satisfies the requirements of the LCAS or that *all* of the pertinent transactions with the bank were purely oral transactions. While at least one of the pertinent transactions is referred to as an oral promise, the form of many of these transactions is never specifically described. The majority of the transactions between the parties are simply referred to by generic terms such as "promise[]" or agree[ment]." See Record Document 1, Petition at 2. Assuming it is necessary, Fisher may be able to show, consistent with his pleadings, that his alleged transactions with the bank were memorialized in a form which satisfies the requirements of the LCAS. Since this possibility is not foreclosed by the face of Fisher's pleadings or his reply to the motion to dismiss, dismissal under Federal Rule of Civil Procedure 12(b)(6) would be improper. See EPCO, 467 F.3d at 471.